1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    JAMES HELLARD,                         Case No. 22-cv-02001-JSW
8                    Plaintiff,
                                            **ORDER GRANTING MOTIONS TO
9         v.                                DISMISS, WITH LEAVE TO AMEND**
10   CITY OF SAN RAFAEL, et al.,            Re: Dkt. Nos. 21-22, 25-26, 28, 40
                    Defendants.
11
12
13        This matter comes before the Court on consideration of the motions to dismiss filed by the
14   City of San Rafael ("the City"), San Rafael Police Department's Mental Health Liaison Officer
15   Lynn Murphy ("Ms. Murphy"), and San Rafael Police Sergeant Carl Huber ("Sgt. Huber") and by
16   the California Department of Transportation ("CalTrans").  On May 9, 2022, the Court continued
17   the hearing on these motions and stated it would not issue a ruling until at least July 1, 2022,
18   because Plaintiff represented he was seeking representation.  To date, counsel has not appeared on
19   Plaintiff's behalf.  Accordingly, having considered the parties' papers, relevant legal authority, and
20   the record in this case, the Court HEREBY GRANTS Defendants' motions to dismiss.
21                                **BACKGROUND**
22        On March 29, 2022, Plaintiff James Hellard ("Mr. Hellard"), acting *pro se*, filed a
23   complaint in which he asserted claims against the City, CalTrans, Ms. Murphy, and Sergeant
24   Huber, pursuant to 42 U.S.C. section 1983 for alleged violations of his rights under the Fourth,
25   Fifth, and Eighth Amendments to the United States Constitution.  (Dkt. No. 1, Compl. at 3.)  Mr.
26   Hellard alleges the City stole his car "forcing [him] to be exposed to COVID … and into
27   dangerous living on the streets."  (*Id.* at 4.)  Mr. Hellard also alleges he is being forced to live in a

28                                      1

1    City-operated homeless encampment (the "SSA") under Highway 101, which he claims has

2    caused permanent hearing loss and respiratory illness.  (*Id.* at 5.)

3          The City's regulations include a provision that provides:

4                Nothing in this section shall be deemed to prohibit camping on all
                public property, including parks, when there is no alternative shelter
5                available to the person camping; provided that the City Manager
                may nevertheless absolutely prohibit camping at any time in one or
6                more specific parks where such prohibition is determined to be a
                threat to the public, health, safety, or welfare.
7

8    San Rafael Municipal Code § 19.20.080(C)(3) (the "anti-camping ordinance").[1]

9          According to the record, Mr. Hellard has not been cited for a violation of the anti-camping

10   ordinance.  (Dkt. No. 13-1, Declaration of Sgt. Huber, ¶ 10.)  In addition, the record shows that

11   Mr. Hellard was living under the freeway before the SSA was created and, in April 2022, refused

12   the offer of a bed at a shelter.  (*See* Dkt. No. 3 at ECF pp. 9-12, Declaration of James Hellard, ¶ 4;

13   Dkt. No. 21-1, Declaration of Lynn Murphy, ¶¶ 9-10.)

14         The Court will address additional facts as necessary.

15                                            **ANALYSIS**

16   **A.      Applicable Legal Standards.**

17         Defendants move to dismiss for lack of standing under Article III of the United States

18   Constitution.  The Court evaluates challenges to Article III standing under Federal Rule of Civil

19   Procedure 12(b)(1).  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Ultimately, Mr.

20   Hellard bears the burden to show that he has standing and that jurisdiction exists.  A defendant

21   may make a "facial" or a "factual" attack on standing.  In a facial attack on jurisdiction, the factual

22   allegations of the complaint are taken as true.  *Fed'n of African Am. Contractors v. City of*

23   *Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  A plaintiff is then entitled to have those facts

24   construed in the light most favorable to him.  *Id.*

25         In contrast, a factual attack on subject matter jurisdiction occurs when a defendant

26

27   _____
     [1]       A copy of the regulation is located at Dkt. No. 13-6, Exhibit E to the Declaration of
28   Lindsey Lara in support of the City's opposition to Mr. Hellard's application for a TRO.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    challenges the actual lack of jurisdiction with affidavits or other evidence.  *See Leite v. Crane Co.*,

2    749 F.3d 1117, 1121 (9th Cir. 2014).  Here, Defendants have made a factual attack on Mr.

3    Hellard's standing.  Therefore, Mr. Hellard "must support … jurisdictional allegations with

4    'competent proof,' under the same evidentiary standard that governs in the summary judgment

5    context."  *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)).

6    The Court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on

7    disputed factual issues[.]"  *Id.* at 1121-22 (citations omitted).

8          Defendants also move to dismiss for failure to state a claim under Rule 12(b)(6).  Under

9    Rule 12(b)(6), the Court's "inquiry is limited to the allegations in the complaint, which are

10    accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v.*

11    *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Because Mr. Hellard is proceeding *pro se*, the Court

12    must construe his pleadings liberally.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

13    However, the Court may not "supply essential elements of the claim that were not initially pled."

14    *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Even under the

15    liberal pleading standard of Rule 8(a)(2), a plaintiff must provide more than mere labels,

16    conclusions, and formulaic recitations of their claims' requisite elements.  *Bell Atl. Corp. v.*

17    *Twombly*, 550 U.S. 544, 555 (2007).

18          Instead, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

19    face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

20    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

21    alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556)).  The

22    Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of

23    fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

24    2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

25          In general, the Court should grant leave to amend, unless amendment would be futile.  *See,*

26    *e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v.*

27    *N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

28

**B.      The Court Concludes Mr. Hellard Lacks Standing to Assert His Claims.[2]**

The "irreducible constitutional minimum" of standing consists of three elements: an injury-in-fact, causation, and redressability.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  A plaintiff must prove each element with the same manner and degree of evidence required at each stage of the litigation.  *Lujan*, 504 U.S. at 561.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'"  *Id.* at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

With respect to Cal-Trans, Mr. Hellard fails to allege facts showing that any of his alleged injuries are traceable to Cal-Trans, and it dismisses the claims against Cal-Trans for lack of standing.

With respect to the City, Ms. Murphy, and Sgt. Huber, Mr. Hellard challenges the anti-camping ordinance, but he has failed to refute the Defendants' showing that he has not been cited for violating that ordinance.  In addition, although through his motion to strike he argued that other individuals have been cited, the City responds the citations at issue were for other violations.[3]  For that reason, the Court concludes the record does not support a reasonable inference that Mr. Hellard faces a realistic threat that the anti-camping ordinance will be enforced against him.  Accordingly, the Court concludes Mr. Hellard fails to show he has standing to challenge the anti-camping ordinance.  *See, e.g., Los Angeles v. Lyons,* 461 U.S. 95, 105-06; *Martin v. City of Boise*, 928 F.3d 584, 608-09 (9th Cir. 2018); *Porto v. City of Laguna Beach*, 720 Fed. Appx. 853, 854-55 (9th Cir. 2018).

---

[2]      In his caption, Mr. Hellard also refers to state law claims, such as battery, conversion, and trespass to chattel.  Because the Court concludes he fails to allege standing to assert his federal claims and, in the alternative, concludes he fails to state a claim under Section 1983, the Court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice.

[3]      The Court DENIES Mr. Hellard's motion to strike Sergeant Huber's declaration, and it DENIES his motion for sanctions.  The Court DENIES, AS MOOT, the City's objections to the declaration of Robbie Powelson because it did not rely on that declaration to resolve the motion.

United States District Court
Northern District of California

1    Mr. Heller also asserted Defendants violated his due process rights, relying on the state-

2    created danger doctrine.  "The Due Process Clause is a limitation on state action and is not a

3    guarantee of certain minimal levels of safety and security. … Simply failing to prevent acts of a

4    private party is insufficient to establish liability." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271

5    (9th Cir. 2019) (internal quotations and citations omitted).  In general, "a state is not liable for its

6    omissions." *Id.*  However, an exception exists if a state "affirmatively places [an individual] in

7    danger by acting with deliberate indifference to a known or obvious danger." *Id.* (internal

8    quotations and citations omitted).  Here, Mr. Hellard admitted that he was living under the freeway

9    before the SSA was created.  (*See also* Murphy Decl., ¶ 8.) Accordingly, the Court concludes he

10   lacks standing because he fails to show an injury that is traceable to Defendants' conduct.

11   Mr. Hellard also fails to refute Defendants' assertions that the car allegedly stolen from

12   him did not belong to him and was impounded because he was driving without a valid license.

13   (*See* Dkt. No. 21-2, Declaration of Robert Cleland, ¶¶ 2-5.)  Accordingly, the Court concludes he

14   also lacks standing to pursue claims based on that alleged seizure.

15   **C.     In the Alternative, the Court Concludes Mr. Hellard Fails to State A Claim.**

16   Assuming for the sake of argument that Mr. Hellard alleged sufficient facts to show he has

17   standing, the Court also concludes the allegations are insufficient to state a claim for relief against

18   any of the Defendants.  First, Mr. Hellard includes no facts regarding how Cal-Trans could be

19   liable.  He also fails to allege specific actions by Ms. Murphy or Sergeant Heller that would

20   support claims against them individually.  With respect to the allegations against the City, other

21   than the anti-camping ordinance, Mr. Hellard fails to allege facts regarding a custom or policy

22   allegedly depriving him of his constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S.

23   658 (1978).  As for the anti-camping ordinance, the Court concludes Mr. Hellard fails to allege

24   facts to show that, under *Martin*, it violates the Eighth Amendment.  *See also Martin*, 920 F.3d at

25   617 ("[W]e in no way dictate to the City that it must provide sufficient shelter for the homeless, or

26   allow anyone who wishes to sit, lie, or sleep on the streets ... at any time and at any place.")

27   (quoting *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2006)).

28   //

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Because the Court cannot say it would be futile and given Mr. Hellard's *pro se* status, the Court will grant Mr. Hellard one further opportunity to amend his complaint.[4] Mr. Hellard shall file an amended complaint by no later than August 2, 2022. If Mr. Hellard fails to file an amended complaint by that date, the Court will enter a judgment of dismissal without prejudice and will close this case.

**IT IS SO ORDERED**.

Dated: July 12, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[4]    Accordingly, the Court DENIES Mr. Hellard's motion for leave to amend as moot.

6